IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

LAJEANIA PIERCE                                                                    PLAINTIFF

v.                                  Case No. 3:15-cv-00102 JTK

CAROLYN W. COLVIN,
Acting Commissioner, Social
Security Administration                                                            DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff Lajeania Pierce appeals the final decision of the Acting Commissioner of the Social Security Administration (Acting Commissioner) denying her claim for supplemental security income (SSI). Both parties have submitted appeals briefs, and the case is ready for decision.[1] The only issue before the Court is whether the Acting Commissioner's decision is supported by substantial evidence. After reviewing the administrative record and the arguments of the parties, the Court finds that the Acting Commissioner's decision is unsupported by substantial evidence.

### Procedural History

Plaintiff protectively filed her application for SSI on January 20, 2012, alleging a disability onset date of March 1, 2002. She claims disability due to a learning disability, hepatitis B, hepatitis C, high blood pressure, high blood sugar, possible tuberculosis, and bipolar disorder. Plaintiff's claims were denied at the initial and reconsideration levels. On September 26, 2013,

---

[1]The parties have consented to the jurisdiction of a Magistrate Judge (DE #4).

the administrative law judge (ALJ) held an administrative hearing, and on January 24, 2014, issued an unfavorable opinion. Plaintiff requested that the Appeals Council review the decision, but the Appeals Council found no reason under its rules to review the ALJ's decision. Therefore, the ALJ denied the request for review. It is from this decision that Plaintiff now brings her appeal.

## Administrative Proceedings

Plaintiff was thirty-seven (37) years old at the time of the administrative hearing. She completed the eighth grade, but she did not obtain her GED. The ALJ applied the five-step sequential evaluation process to Plaintiff's claim.[2] Plaintiff satisfied the first step because she had not engaged in substantial gainful activity since her application date. At step two, the ALJ found that Plaintiff suffered from the severe impairments of obesity, hypertension diabetes, hepatitis B, hepatitis C, borderline intellectual functioning, bipolar disorder, and substance addition disorder. At the third step, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 ("listing"). Further, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms but that her statements concerning the intensity, persistence and limiting effects of

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

those symptoms were not entirely credible. The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work,[3] except that she was limited to work where interpersonal contact is limited[4] and the complexity of tasks is learned by demonstration or repetition within thirty (30) days with little judgment, few variables, and the supervision required is simple, direct, and concrete. At step four, the ALJ found Plaintiff had no past relevant work. Crediting the testimony of a vocational expert (VE), the ALJ found Plaintiff could perform other work existing in the national economy, such as machine tender and inspector Accordingly, the ALJ found Plaintiff was not under a disability.

## Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v.*

---

[3]**Sedentary** work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 416.967(a).

[4] The ALJ defined limited interpersonal contact as requiring littler interaction such as answering simple questions, responding appropriately to supervisors and coworkers, and interaction with the public is infrequent and not considered to be an essential job duty.

*Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## Discussion

On appeal, Plaintiff argues the Commissioner's decision at step five that she is not disabled because she can perform other work in the economy is not supported by substantial evidence on the record as a whole. She makes this argument on three bases: (1) Jeffery Barber, D.O., is the only doctor that examined her and found limited grip strength; however, the ALJ found no manipulative limitations when both jobs identified require frequent handling and fingering;[5] (2) the ALJ's hypothetical to the vocational expert (VE) did not account for her

---

[5] "Reaching, handling, fingering, and feeling require progressively finer usage of the upper extremities to perform work-related activities. . . . [H]andling (seizing, holding, grasping, turning or otherwise working primarily with the whole hand or hands) [is an activity] required in almost all jobs. Significant limitations of ... handling, therefore, may eliminate a large number of occupations a person could otherwise do.... 'Fingering' involves picking, pinching, or otherwise working primarily with the fingers. It is needed to perform most unskilled sedentary jobs and to perform certain skilled and semiskilled jobs at all levels of exertion. As a general rule, limitations of fine manual dexterity have greater adjudicative significance—in terms of relative numbers of jobs in which the function is required—as the person's exertional RFC decreases. Thus, loss of fine manual dexterity narrows the sedentary and light ranges of work much more than it does the medium, heavy, and very heavy ranges

borderline intellectual functioning; and (3) while the ALJ found moderate limitations in concentration, persistence, and pace, no such limitations were contained in the hypothetical to the VE.

Here, the ALJ gave significant weight to Dr. Barber's medical opinion, as Plaintiff notes. Dr. Barber found Plaintiff had 40 percent grip strength on the left and 50 percent grip strength on the right. He did not find, however, that Plaintiff had any limitations in her ability to handle or finger. In fact, Dr. Barber found Plaintiff was able to hold a pen and write, touch her fingertips to her palm, oppose her thumbs to her fingers, and pick up a coin. "Grip strength and fine finger movement and dexterity are not the same." *Fuller v. Social Security Admin.*, 2007 WL 4527511, at *11 (Neb. Dec. 17, 2007). However, the degree and precise manner in which Plaintiff's fine hand movements are limited is an important consideration in this case. Based on the evidence of record, only unskilled sedentary jobs are ostensibly available for the plaintiff in the national economy. As noted in Social Security Ruling (SSR) 96-9p, "[m]ost unskilled sedentary jobs require good use of both hands and fingers, *i.e.*, bilateral dexterity." 1996 WL 374185, at *8 (July 2, 1996). Plaintiff's limited grip strength bilaterally would likely impact her ability to handle and finger. Thus, the Court finds that the evidence does raise a genuine question as to Plaintiff's ability to use her hands to consistently perform work-related activities over the course of an eight-hour workday, including handling and fingering. A review of the jobs identified by the VE as jobs Plaintiff would remain capable of performing reveals that each requires frequent handling and fingering. Therefore, the Court finds remand necessary to allow

---

of work." Social Security Ruling (SSR) 85-15, 1985 WL 56857, *7 (SSA 1985).

the ALJ to further develop the record with regard to Plaintiff's manipulative limitations. The ALJ should then reevaluate the entire record and, if necessary, reformulate Plaintiff's RFC, ensuring that any hypotheticals posed to the VE capture the concrete consequences of all Plaintiff's noted impairments, including her borderline intellectual functioning.

## Conclusion

IT IS THEREFORE ORDERED THAT the Commissioner's decision is reversed and this matter remanded for further proceedings consistent with this opinion.

SO ORDERED this 21th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE